Mary Jo O'Neill, AZ Bar No. #005294
Sally C. Shanley, AZ Bar. No. #012251
Valerie L. Meyer, CA Bar No. #228586
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-5016
Fax: (602) 640-5009
E-Mail: mary.oneill@eeoc.gov
sally.shanley@eeoc.gov
valerie.meyer@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>RIOS'S FAMILY COMPANY INC., an Arizona Corporation, d/b/a Flavio's, d/b/a Filiberto's,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Erika Blanco, who was adversely affected by such practices during her employment by Rios's Family Company, Inc. ("Rios's Family Company"), doing business as Flavio's and Filiberto's. The Commission alleges that Ms. Blanco was subjected to unwelcome sexual comments and conduct, including groping of her breasts and buttocks, by an employee of Defendant, which created a hostile work environment because of her sex, female. The Commission also alleges that Defendant failed to take appropriate action when Ms. Blanco complained

1

of the unwelcome sexual conduct. As a result of Defendant's conduct, the conditions of Ms. Blanco's employment were made so intolerable that she was forced to resign her position.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Rios's Family Company, an Arizona corporation, has continuously been doing business in the State of Arizona, including the City of Gilbert, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Rios's Family Company has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Erika Blanco filed a charge with the Commission alleging violations of Title VII by Defendant Rios's Family Company. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FIRST CLAIM: SEXUAL HARASSMENT

7. Since at least May 2005, Defendant Rios's Family Company has engaged in unlawful employment practices at its facility at 1517 N. Gilbert Road in Gilbert, Arizona, in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a). These practices include the harassment of Erika Blanco on the basis of her sex, female. Ms. Blanco, who was a minor at the time, was subjected to unwelcome sexual comments and conduct, including groping of her breasts and buttocks, by a cook employed by Defendant.

8. Ms. Blanco, through a representative, complained to Defendant concerning the cook's treatment of her.

9. Defendant failed to take appropriate action to correct these unlawful employment practices.

## SECOND CLAIM: CONSTRUCTIVE DISCHARGE

10. Because of the unlawful employment practices described in paragraph 7 through 9 above, Erika Blanco reasonably believed she had no choice but to resign her employment and was constructively discharged by Defendant Rios's Family Company in violation of section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

11. The effect of the practices complained of in paragraphs 7 through 10 above has been to deprive Erika Blanco of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

12. The unlawful employment practices complained of in paragraphs 7 through 10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 7 through 10 above were done with malice and/or with reckless indifference to the federally protected rights of Erika Blanco.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Rios's Family Company, its officers, successors, assigns, and all persons in active concert or

participation with it, from engaging in the harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

      B.     Order Defendant Rios's Family Company to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

      C.     Order Defendant Rios's Family Company to make whole Erika Blanco by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      D.     Order Defendant Rios's Family Company to make whole Erika Blanco by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 10 above, in amounts to be determined at trial.

      E.     Order Defendant Rios's Family Company to make whole Erika Blanco by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 10 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.     Order Defendant Rios's Family Company to pay Erika Blanco punitive damages for its malicious and reckless conduct described in paragraphs 7 through 10 above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs of this action.

RESPECTFULLY SUBMITTED this 18th day of September, 2007.

Mary Jo O'Neill
Regional Attorney

Sally C. Shanley
Supervisory Trial Attorney

/s/ Valerie L. Meyer
Valerie L. Meyer
Trial Attorney

Equal Employment Opportunity Commission
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012

Attorneys for Plaintiff